*1437 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered June 18, 2014. The order denied defendants’ motion for summary judgment dismissing plaintiff’s complaint.
It is hereby ordered that the order so appealed from is reversed on the law without costs, defendants’ motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff, as administrator of the estate of her husband (decedent), commenced this action seeking damages for fatal injuries sustained by decedent when the bicycle he was riding collided with a dump truck operated by John N. McCarthy (defendant) and owned by defendant Gasperino F. Fulfaro. Defendant had been traveling eastbound on Walden Avenue in the Village of Lancaster and was attempting to turn right onto Sheldon Avenue. Decedent was also traveling eastbound on Walden Avenue and was attempting to proceed across Sheldon Avenue on his bicycle. Several witnesses, including defendant, stated that the traffic signal controlling the intersection was red for eastbound traffic on Walden Avenue at the time of the accident. Although defendant initially told the police that the signal was green in his favor, he later explained that he was “very confused and upset” when he made that statement, and we agree with defendants that the record establishes as a matter of law that the signal was red.
Defendants contend that Supreme Court erred in denying their motion seeking summary judgment dismissing the complaint on the ground that decedent’s failure to stop at the red light was the sole proximate cause of the accident. We agree. Defendants established that defendant came to a complete stop at the red light and cautiously entered the intersection to make a legal right turn (see Vehicle and Traffic Law § 1111 [d] [2] [b]; see generally Barile v Carroll, 280 AD2d 988, 988 [2001]), that defendant was unable to see decedent approaching the intersection (see generally Wallace v Barody, 124 AD3d 1172, 1173 [2015]; Barile, 280 AD2d at 988-989), and that decedent was negligent as a matter of law in proceeding into the intersection against the red light (see Vehicle and Traffic Law § 1111 [d] [1]; McLeod v Taccone, 122 AD3d 1410, 1411 [2014]; Shapiro v Munoz, 28 AD3d 638, 638 [2006]). We therefore conclude that defendants “met their initial burden of establishing that defendant was operating his vehicle in a lawful and prudent manner and that there was nothing [he] could have done to avoid the collision” (Heltz v Barratt, 115 AD3d 1298, 1299 [2014], affd 24 NY3d 1185 [2014] [internal quotation marks omitted]). As a bicyclist, decedent was required to *1438 obey the traffic signal (see Vehicle and Traffic Law § 1231; Joannis v Cahill, 71 AD3d 1437, 1438 [2010]), and thus was not “lawfully using the intersection” at the time of accident (Vehicle and Traffic Law § 1111 [d] [2] [b]). We reject plaintiff’s contention that decedent’s failure to obey the traffic signal may have been excusable because of sun glare (see generally Lifson v City of Syracuse, 17 NY3d 492, 498 [2011]).
In opposition to the motion, plaintiff failed to raise a triable issue of fact. Even assuming, arguendo, that plaintiff’s opposing papers sufficiently preserved for our review her contention on appeal concerning the allegedly inoperable condition of the right rear turn signal on defendant’s truck, we conclude that the condition of that turn signal was not a proximate cause of the accident (see generally Velez v Hurley, 264 AD2d 513, 514-515 [1999]). The record establishes that there was an operable right turn signal on the truck’s dump box that was activated and would have been visible from behind the truck, and further establishes that decedent was riding with his head down and not paying attention to his surroundings.
All concur except Centra and Whalen, JJ., who dissent and vote to affirm in the following memorandum.